UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



05 JAN 19 PM 1:51

TEXAS EASTERN

BY

---

**FEDERAL TRADE COMMISSION,**

Plaintiff,

v.

**THE COLLEGE ADVANTAGE, INC.,**
also doing business as College Funding
Center,

**ALAN E. BARON,**

**C FUNDING GROUP, LLC,** also doing
business as College Funding Group, and

**EDWARD F. JACOBS,**

Defendants,

and **DONNA S. BARON** and **CLAUDIA L.
JACOBS,**

Relief Defendants.

Civil Action No. 4:03CV179

---

### STIPULATED FINAL JUDGMENT AND ORDER FOR
### PERMANENT INJUNCTION AND MONETARY RELIEF AS TO
### DEFENDANTS THE COLLEGE ADVANTAGE, INC. AND ALAN E. BARON
### AND RELIEF DEFENDANT DONNA S. BARON

Plaintiff, the Federal Trade Commission ("Commission"), commenced this action by

filing its Complaint pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC

Act"), 15 U.S.C. § 53(b), charging the defendants with deceptive acts and practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45.

Plaintiff, through its counsel, and defendants The College Advantage, Inc. and Alan E. Baron and relief defendant Donna S. Baron, through their counsel, have agreed to entry of this Final Judgment and Order by this Court in order to resolve all matters in dispute in this action. The Commission and defendants The College Advantage, Inc. and Alan E. Baron and relief defendant Donna S. Baron have consented to entry of this Final Judgment and Order without trial or adjudication of any issue of law or fact herein and without defendants The College Advantage, Inc. and Alan E. Baron admitting liability for any of the violations alleged in the Complaint or for any wrongdoing whatsoever.

Being fully advised in the premises and acting upon the joint motion of the Commission and defendants The College Advantage, Inc. and Alan E. Baron and relief defendant Donna S. Baron to enter this Final Judgment and Order,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

**FINDINGS**

1.    This Court has jurisdiction over the subject matter of this case and personal jurisdiction over defendants The College Advantage, Inc. and Alan E. Baron and relief defendant Donna S. Baron;

2.    The Complaint states a claim upon which relief may be granted against the defendants The College Advantage, Inc. and Alan E. Baron and relief defendant Donna S. Baron under Sections 5 and 13(b) of the FTC Act, 15 U.S.C. §§ 45 and 53(b);

3.    Venue in this district is proper under 28 U.S.C. § 1391(b) and 15 U.S.C. § 53(b);

4.      The activities of defendants The College Advantage, Inc. and Alan E. Baron and relief defendant Donna S. Baron are in or affecting commerce as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44;

5.      Relief defendant Donna S. Baron received, directly or indirectly from the defendants, certain funds and property which either are the proceeds or are traceable to the proceeds of the activities alleged in this suit.  Relief defendant Donna S. Baron waives any claim to the assets being transferred to the Commission pursuant to Paragraph IV(C) of this Final Judgment and Order;

6.      Entry of this Final Judgment and Order is in the public interest; and

7.      Defendants The College Advantage, Inc. and Alan E. Baron and relief defendant Donna S. Baron have waived all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412, and all rights to seek judicial review or otherwise challenge the validity of this Final Judgment and Order.

## DEFINITIONS

For the purpose of this Stipulated Final Judgment and Order, the following definitions shall apply:

1.      "*Assets*" means any legal or equitable interest in, right to, or claim to, any real and personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," "notes" (as these terms are defined in the Uniform Commercial Code), and all chattel, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and cash, wherever located.

2.      "***Document***" is synonymous in meaning and equal in scope to the usage of the

term in Federal Rule of Civil Procedure 34(a) and includes writings, drawings, graphs, charts,

photographs, audio and video recordings, computer records, and other data compilations from

which the information can be obtained and translated, if necessary, through detection devices into

reasonably usable form.  A draft or non-identical copy is a separate document within the meaning

of the term.

3.      "***Assisting others***" means knowingly providing any of the following goods or

services to another entity:  (1) performing customer service functions, including, but not limited

to, receiving or responding to consumer complaints; (2) formulating or providing, or arranging

for the formulation or provision of, any telephone sales script or any other marketing material;

(3) providing names of, or assisting in the generation of, potential customers; or (4) performing

marketing services of any kind.

## ORDER

## I.      INJUNCTION AGAINST MISREPRESENTATIONS

**A.**      **IT IS THEREFORE ORDERED** that, in connection with the advertising,

promotion, offering for sale, or sale of college financial aid assistance programs,

defendants The College Advantage, Inc. and Alan E. Baron, and each of their

successors, assigns, officers, directors, agents, servants, employees, subsidiaries,

and affiliates, and those persons in active concert or participation with them who

receive actual notice of this Order by personal service or otherwise, whether

acting directly or through any entity, corporation, subsidiary, division, affiliate or

other device, are hereby permanently restrained and enjoined from:

1.   Misrepresenting, expressly or by implication, that defendants The College Advantage, Inc. and Alan E. Baron will secure 100% of the funding necessary for consumers or consumers' children to attend college;

2.   Misrepresenting, expressly or by implication, that defendants The College Advantage, Inc. and Alan E. Baron will secure funding for consumers or consumers' children to attend college which will reduce the consumers' out-of-pocket expenses; and

3.   Misrepresenting, expressly or by implication, that consumers will receive a 100% refund if defendants The College Advantage, Inc. and Alan E. Baron do not secure 100% of the funding necessary for consumers or consumers' children to attend college.

**B.**   **IT IS FURTHER ORDERED** that, in connection with the advertising, promotion, offering for sale, or sale of college financial aid assistance programs, defendants The College Advantage, Inc. and Alan E. Baron, and each of their successors, assigns, officers, directors, agents, servants, employees, subsidiaries, and affiliates, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby permanently restrained and enjoined from misrepresenting, expressly or by implication, any fact material to a consumer's decision to purchase a college financial aid assistance program.

C.     **IT IS FURTHER ORDERED** that, with respect to the advertising, marketing,

promoting, offering for sale, or sale of any good or service, defendants The

College Advantage, Inc. and Alan E. Baron, and each of their successors, assigns,

officers, directors, agents, servants, employees, subsidiaries, and affiliates, and

those persons in active concert or participation with them who receive actual

notice of this Order by personal service or otherwise, whether acting directly or

through any entity, corporation, subsidiary, division, affiliate or other device, are

hereby permanently restrained and enjoined from misrepresenting, expressly or by

implication, any fact material to a consumer's decision to purchase defendants

The College Advantage, Inc. and Alan E. Baron's products or services.

## II.  BOND REQUIREMENT

**IT IS FURTHER ORDERED** that defendant Alan E. Baron, whether acting directly or

indirectly through any persons or entities under his control, is hereby permanently enjoined and

restrained from engaging in, or assisting others engaged in, the advertising, promotion, offering

for sale, or sale of college financial aid assistance programs, in or affecting commerce, unless,

prior to engaging in or assisting others engaged in such activities, defendant Alan E. Baron first

obtains a performance bond ("the Bond") in the principal sum of ONE MILLION DOLLARS

($1,000,000.00). The terms and conditions of the Bond requirement are as follows:

A.     The Bond shall be conditioned upon compliance with Section 5(a) of the FTC

Act, 15 U.S.C. § 45(a), and with the provisions of this Order. The Bond shall be

deemed continuous and remain in full force and effect as long as defendant Alan

E. Baron is engaging in or assisting others engaged in the advertising, promotion,

offering for sale, or sale of college financial aid assistance programs, in or affecting commerce. Defendant Alan E. Baron shall maintain the Bond for a period of five (5) years after defendant provides notice to the Commission that defendant has ceased engaging in or assisting others engaged in the advertising, promotion, offering for sale, or sale of college financial aid assistance programs, in or affecting commerce. The Bond shall cite this Order as the subject matter of the Bond, and shall provide surety thereunder against financial loss resulting from whole or partial failure of performance due, in whole or in part, to any violation of Section 5(a) of the FTC Act, or the provisions of this Order, or to any other violation of law;

**B.**     The Bond required pursuant to this Paragraph shall be an insurance agreement providing surety for financial loss issued by a surety company that is admitted to do business in each state in which defendant Alan E. Baron, or any entity directly or indirectly under defendant Alan E. Baron's control, is doing business and that holds a Federal Certificate of Authority As Acceptable Surety on Federal Bond and Reinsuring. The Bond shall be in favor of both: (1) the Federal Trade Commission for the benefit of any consumer injured as a result of any activities that required obtaining the Bond; and (2) any consumer so injured;

**C.**     The Bond required pursuant to this Paragraph is in addition to, and not in lieu of, any other bonds required by federal, state, or local law;

**D.**     At least ten (10) days before commencing in any activity that requires obtaining the Bond, defendant Alan E. Baron shall provide notice to the Commission

describing in reasonable detail said activities, and include in such notice a copy of the Bond obtained; and

E.     Defendant Alan E. Baron shall not disclose the existence of the Bond to any consumer, or other purchaser or prospective purchaser, without simultaneously disclosing clearly and prominently the following:  THIS BOND IS REQUIRED BY ORDER OF THE U.S. DISTRICT COURT AS PART OF A FINAL ORDER AGAINST ALAN E. BARON IN *FEDERAL TRADE COMMISSION V. THE COLLEGE ADVANTAGE, INC., ALAN E. BARON, C FUNDING GROUP, LLC, AND EDWARD F. JACOBS,* NO. 4:03CV179, IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, FOR ALLEGED FALSE AND DECEPTIVE ADVERTISING, PROMOTION, OFFERING FOR SALE, AND SALE OF COLLEGE FINANCIAL AID ASSISTANCE PROGRAMS.

## III.     INJUNCTION AGAINST PROVIDING CUSTOMER LISTS

**IT IS FURTHER ORDERED** that defendants The College Advantage, Inc. and Alan E. Baron are hereby permanently restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, social security number, or other identifying information of any person who purchased services from defendants The College Advantage, Inc, Alan E. Baron, C Funding Group, LLC, and Edward F. Jacobs at any time prior to the date this Final Judgment and Order is entered.  Provided, however, that defendants The College Advantage, Inc. and Alan E. Baron may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order.

## IV.   MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.   Judgment in the amount of FIFTEEN MILLION FIVE HUNDRED NINE THOUSAND FIVE HUNDRED SIXTY-FOUR DOLLARS ($15,509,564.00) is entered against defendants The College Advantage, Inc. and Alan E. Baron; provided, however, that upon the fulfillment of the payment obligations of Paragraph IV(B) and Paragraph IV(C) of this Final Judgment and Order by defendants, this judgment shall be suspended until further order of the Court, and provided further that this judgment shall be subject to the conditions set forth in Paragraph V of this Final Judgment and Order.

B.   Defendants The College Advantage, Inc. and Alan E. Baron shall be jointly and severally liable for payment of equitable monetary relief, including, but not limited to, consumer redress and/or disgorgement, and for paying any attendant expenses of administration of any redress fund, in the amount of THIRTY-THREE THOUSAND DOLLARS ($33,000.00).  Relief defendant Donna S. Baron is ordered to take all such action as is necessary to permit and cause the transfer of such sum to the plaintiff, including, but not limited to, cooperating in the transfer of such accounts over which she has control.

C.   Within twenty (20) days of the entry of this Final Judgment and Order, defendants The College Advantage, Inc. and Alan E. Baron and relief defendant Donna S. Baron shall turn over the entire payment of THIRTY-THREE THOUSAND DOLLARS ($33,000.00) to the Commission in the form of a wire transfer or

certified or cashier's check made payable to the Commission, or such agent as the Commission may direct.

D.   Time is of the essence for the payments specified above. In the event that defendants The College Advantage, Inc. and Alan E. Baron and relief defendant Donna S. Baron do not fulfill, or only partially fulfill, the payment obligations set forth in this Paragraph, defendants The College Advantage, Inc. and Alan E. Baron shall be immediately liable for payment of FIFTEEN MILLION FIVE HUNDRED NINE THOUSAND FIVE HUNDRED SIXTY-FOUR DOLLARS ($15,509,564.00), which is the entire amount of the judgment, plus interest, less any payments already made by any other defendant in this matter. Notwithstanding any other provision of this Final Judgment and Order, defendants The College Advantage, Inc. and Alan E. Baron agree that, if they fail to meet the payment obligations set forth in this Paragraph, the facts as alleged in the Complaint filed in this matter shall be taken as true in any subsequent litigation filed by the Commission to enforce its rights pursuant to this Final Judgment and Order, including, but not limited to, a nondischargeability complaint in any subsequent bankruptcy proceeding.

E.   The Commission's agreement to and the Court's approval of this Final Judgment and Order are expressly premised upon representations of defendants The College Advantage, Inc. and Alan E. Baron and relief defendant Donna S. Baron that defendant The College Advantage, Inc. owed federal income taxes, interest, and penalties to the Internal Revenue Service ("IRS") for the tax year 2001 and federal

payroll taxes, interest, and penalties to the IRS for the tax year 2002 and that

defendant Alan E. Baron and relief defendant Donna S. Baron owed federal

income taxes, interest, and penalties to the IRS for the tax years 1998, 1999, 2000,

2001, and 2002 (hereinafter collectively referred to as the "delinquent taxes,

interest, and penalties"). In the event that the defendants The College Advantage,

Inc. and Alan E. Baron and relief defendant Donna S. Baron receive any refund

from the IRS of any of the payments they made for the delinquent taxes, interest,

and penalties, defendants The College Advantage, Inc. and Alan E. Baron and

relief defendant Donna S. Baron shall pay such refund to the Commission within

thirty (30) days of defendants' receipt of such refund.

F.      All funds paid pursuant to this Final Judgment and Order shall be deposited into a

fund administered by the Commission or its agent to be used for equitable relief,

including, but not limited to, consumer redress and any attendant expenses for the

administration of any redress fund. In the event that direct redress to consumers is

wholly or partially impracticable or funds remain after redress is completed, the

Commission may apply any remaining funds for such other equitable relief

(including consumer information remedies) as it determines to be reasonably

related to the defendants' practices alleged in the Complaint. Any funds not used

for such equitable relief shall be deposited to the Treasury as disgorgement.

Defendants The College Advantage, Inc. and Alan E. Baron and relief defendant

Donna S. Baron shall have no right to challenge the Commission's choice of

remedies under this Paragraph.

Page 11 of 22

G.    Defendants The College Advantage, Inc. and Alan E. Baron and relief defendant

Donna S. Baron shall have no right to contest the manner of distribution chosen

by the Commission.  No portion of any payments under the judgment herein shall

be deemed a payment of any fine, penalty, or punitive assessment.

## V.    FINANCIAL STATEMENTS

A.    **IT IS FURTHER ORDERED** that the Commission's agreement to and the

Court's approval of this Final Judgment and Order are expressly premised upon

the truthfulness, accuracy, and completeness of the financial statements and

information provided to the Commission by defendants The College Advantage,

Inc. and Alan E. Baron on or about July 28, 2003, and by relief defendant Donna

S. Baron on or about August 18, 2003, which contain material information relied

upon by the Commission in negotiating and agreeing to the terms of this Final

Judgment and Order.

B.    **IT IS FURTHER ORDERED** that if the Commission should have evidence that

the above-referenced financial statements and information failed to disclose any

material asset the value of which exceeds $1,000, materially misrepresented the

value of any asset, or made any other material misrepresentation or omission, the

Commission may move that the Court reopen this Final Judgment and Order for

the sole purpose of allowing the Commission to modify the monetary liability of

defendants The College Advantage, Inc. and Alan E. Baron.  If the Court finds

that either defendant The College Advantage, Inc. or Alan E. Baron failed to

disclose any material asset, materially misrepresented the value of any asset, or

made any other material misrepresentation or omission in the above-referenced

financial statements and information, the Court shall reinstate the suspended

judgment against such defendant, in favor of the Commission, in the amount of

FIFTEEN MILLION FIVE HUNDRED NINE THOUSAND FIVE HUNDRED

SIXTY-FOUR DOLLARS ($15,509,564.00), which the defendants and the

Commission stipulate is the amount of consumer injury in this matter,

as set forth in Paragraph IV of this Final Judgment and Order. If the Court finds

that relief defendant Donna S. Baron failed to disclose any material asset,

materially misrepresented the value of any asset, or made any other material

misrepresentation or omission in the above-referenced financial statements and

information, the Court shall reinstate the suspended judgment against defendant

Alan E. Baron, in favor of the Commission, in the amount of FIFTEEN MILLION

FIVE HUNDRED NINE THOUSAND FIVE HUNDRED SIXTY-FOUR

DOLLARS ($15,509,564.00). Provided, however, that in all other respects this

Final Judgment and Order shall remain in full force and effect unless otherwise

ordered by the Court. Any proceedings instituted under this Paragraph shall be in

addition to and not in lieu of any other proceedings the Commission may initiate

to enforce this Final Judgment and Order. Solely for the purposes of reopening

or enforcing this Paragraph, defendants The College Advantage, Inc. and Alan E.

Baron and relief defendant Donna S. Baron waive any right to contest any of the

allegations set forth in the Complaint filed in this matter.

## VI.   COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Final Judgment and Order,

A.   For a period of eight (8) years, defendants The College Advantage, Inc. and Alan E. Baron shall submit, within thirty (30) days of receipt of written notice from a representative of the Commission, additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in such defendants' possession or direct or indirect control to inspect the business operation;

B.   In addition, the Commission is authorized to monitor compliance with this Final Judgment and Order by all other lawful means, including, but not limited to, the following:

1.   Obtaining discovery from any person, without further leave of court, using the procedures proscribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45;

2.   Posing as consumers and suppliers to: defendants' employees, or any other entity managed or controlled in whole or in part by defendants, without the necessity of identification or prior notice;

**Provided** that nothing in this Final Judgment and Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material,

tangible things, testimony, or information relevant to unfair or deceptive acts or

practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

C.     Defendants The College Advantage, Inc. and Alan E. Baron shall permit

representatives of the Commission to interview any employer, consultant,

independent contractor, representative, agent, or employee who has agreed to such

an interview, relating in any way to any conduct which may violate the terms of

this Final Judgment and Order.  The person interviewed may have counsel

present.

## VII.    COMPLIANCE REPORTING BY DEFENDANTS

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this

Final Judgment and Order may be monitored:

A.     For a period of five (5) years from the date of entry of this Final Judgment and

Order:

1.     Defendant Alan E. Baron shall notify the Commission of the following:

a.     Any changes in defendant's residence, mailing addresses, and

telephone numbers, within ten (10) days of the date of such

change;

b.     Any changes in defendant's employment status (including self-

employment) within ten (10) days of the date of such change.  Such

notice shall include the name and address of each business that

defendant is affiliated with, employed by, or performs services for;

a statement of the nature of the business; and a statement of such

Page 15 of 22

defendant's duties and responsibilities in connection with the business; and

  c.  Any changes in defendant's name or use of any aliases or fictitious names.

  2.  Defendants The College Advantage, Inc. and Alan E. Baron shall notify the Commission of any changes in corporate structure that may affect compliance obligations arising under this Final Judgment and Order, including, but not limited to, a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor corporation; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Final Judgment and Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the corporation about which the defendants learn less than thirty (30) days prior to the date such action is to take place, defendants shall notify the Commission as soon as is practicable after obtaining such knowledge.

**B.**  One hundred eighty (180) days after the date of entry of this Final Judgment and Order, defendants The College Advantage, Inc. and Alan E. Baron shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Final Judgment and Order.  This report shall include, but not be limited to:

1.    Any changes required to be reported pursuant to Subparagraph A above;

and

2.    A copy of each acknowledgment of receipt of this Final Judgment and

Order obtained by defendants pursuant to Paragraph IX.

**C.**    For the purposes of this Final Judgment and Order, defendants shall, unless

otherwise directed by the Commission's authorized representatives, mail all

written notifications to the Commission to:

Regional Director
Southwest Region
Federal Trade Commission
Suite 2150, 1999 Bryan Street
Dallas, Texas 75201
Re:  FTC v. Defendant, Civil Action No. 4:03CV179.

**D**.    For purposes of the compliance reporting required by this Paragraph, the

Commission is authorized to communicate directly with defendants The College

Advantage, Inc. and Alan E. Baron.  However, upon subsequent notice by

defendants The College Advantage, Inc. and Alan E. Baron that they choose to

communicate through counsel, the Commission shall thereafter direct

communication through counsel.

## VIII.  RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry

of this Final Judgment and Order, defendants The College Advantage, Inc. and Alan E. Baron

and each of their successors, assigns, agents, servants or employees, and those persons in active

concert or participation with them who receive actual notice of this Final Judgment and Order by

personal service or otherwise, whether acting directly or through any entity, corporation,

subsidiary, division, affiliate, or other device, in connection with any business where any

defendant is the majority owner of the business or directly or indirectly manages or controls the

business, and where the business involves the advertising, promotion, offering for sale, or sale of

college financial aid assistance programs, are hereby restrained and enjoined from failing to

create and retain the following records:

    **A.**    Accounting records that reflect the cost of goods or services sold, revenues

        generated, and the disbursement of such revenues;

    **B.**    Personnel records accurately reflecting: the name, address, and telephone number

        of each person employed in any capacity by such business, including as an

        independent contractor; that person's job title or position; the date upon which the

        person commenced work; and the date and reason for the person's termination, if

        applicable;

    **C.**    Customer files containing the names, addresses, phone numbers, dollar amounts

        paid, quantity of items or services purchased, and description of items or services

        purchased, to the extent such information is obtained in the ordinary course of

        business;

    **D.**    Complaints and refund requests (whether received directly, indirectly or through

        any third party) and any responses to those complaints or requests; and

    **E.**    Copies of all sales scripts, training materials, advertisements, or other marketing

        materials.

Provided, however, that notwithstanding such eight (8) year general retention requirement, any records containing the information in Subparagraphs A through E of this Paragraph which are in the possession, custody, or control of defendants The College Advantage, Inc. and Alan E. Baron at the time of the entry of this Final Judgment and Order shall be maintained for a period of three (3) years from such date.

## IX.    DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order,

A.    Defendant The College Advantage, Inc. shall deliver a copy of this Order to all of its principals, officers, directors, managers, employees, agents, and representatives having responsibilities with respect to the subject matter of this Order, and shall secure from each such person a signed and dated statement acknowledging receipt of the Order. Defendant The College Advantage, Inc. shall deliver this Order to current personnel within thirty (30) days after the date of service of this Order, and to new personnel within thirty (30) days after the person assumes such position or responsibilities.

B.    Defendant Alan E. Baron shall deliver a copy of this Order to the principals, officers, directors, managers and employees or other persons engaged in activity covered by this Order, immediately upon employing or retaining any such person for any business where defendant is the majority owner of the business or directly or indirectly manages or controls the business, and where the business involves

the advertising, promotion, offering for sale, or sale of college financial aid

assistance programs. Defendant Alan E. Baron shall secure from each such

person a signed and dated statement acknowledging receipt of the Order within

thirty (30) days after the date of service of the Order or the commencement of the

employment relationship.

## X.      ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that defendants The College Advantage, Inc. and Alan E.

Baron and relief defendant Donna S. Baron, within five (5) business days of receipt of this Final

Judgment and Order as entered by the Court, must submit to the Commission a truthful sworn

statement acknowledging receipt of this Final Judgment and Order.

## XI.     ATTORNEYS' FEES

**IT IS FURTHER ORDERED** that each party to this Final Judgment and Order hereby

agrees to bear its own costs and attorneys' fees incurred in connection with this action.

## XII.    LIFT OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze of defendants The College Advantage, Inc.

and Alan E. Baron and relief defendant Donna S. Baron's assets, imposed in the Preliminary

Injunctions entered in this proceeding, shall be lifted upon the entry of this Final Judgment and

Order. Upon receipt of a copy of this Final Judgment and Order, all persons or entities holding

assets of defendants shall release such assets to the owner of the asset without the requirement of

further documentation or order of this Court.

## XIII.   RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

purposes of construction, modification and enforcement of this Final Judgment and Order.

**IT IS SO ORDERED**.

Dated this ___/9___ day of __January__, 2005.

_____
**PAUL BROWN**
**UNITED STATES DISTRICT JUDGE**


**SO STIPULATED:**


_____
**GARY D. KENNEDY**
Attorney-in-Charge
Oklahoma Bar No. 4961
**JUDITH A. SHEPHERD**
Texas Bar No. 18221300
**FEDERAL TRADE COMMISSION**
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9379 (Kennedy)
(214) 979-9383 (Shepherd)
(214) 953-3079 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**
**FEDERAL TRADE COMMISSION**


Page 21 of 22

_____

THE COLLEGE ADVANTAGE, INC.
**Defendant**


_____

ALAN E. BARON
**Defendant**


_____

DONNA S. BARON
**Relief Defendant**


_____

**JOSEPH J. COLLINS, JR.**
Texas Bar No. 04625500
**ROBERT P. OLIVER**
Texas Bar No. 15262650
KESSLER & COLLINS, P.C.
5950 Sherry Lane
Suite 222
Dallas, Texas 75225-6306
214-379-0722
214-373-4714 (facsimile)

**ATTORNEYS FOR DEFENDANTS**